FILED

**NOT FOR PUBLICATION**

SEP 05 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN MARTIN, | No. 11-56717 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-01879-WQH-MDD |
| v. | |
| NAVAL CRIMINAL INVESTIGATIVE SERVICE; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| GERALD MARTIN, "Jerry," NCIS Special Agent, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted August 5, 2013
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM, Senior District Judge.[**]

Naval Criminal Investigative Service Special Agent Gerald Martin appeals the partial denial of his motion to dismiss, on qualified immunity grounds, this constitutional tort suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging retaliation in violation of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291 pursuant to the collateral order doctrine, *see Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and we affirm.

1.     The complaint adequately pleads a violation of the First Amendment. Taken as a whole, the allegations in the complaint establish that Special Agent Martin "took action that 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir.1999)). The alleged early-morning confrontation at Plaintiff Carolyn Martin's home, which could not have served any valid law enforcement purpose, renders plausible the notion that "deterrence [of protected activity] was a

---

[**]     The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

substantial or motivating factor in" Special Agent Martin's conduct. *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994). The record reasonably supports the inference that Special Agent Martin was aware of Ms. Martin's protected activity at the time this incident took place. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.").

That, in combination with the complaint's other allegations of a perpetual and pretextual investigation, is sufficient to allow the case to proceed until the record is sufficiently developed to reveal whether Special Agent Martin acted with an impermissible purpose. *Cf. Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008); *see also Ford v. City of Yakima*, 706 F.3d 1188, 1194 n.2 (9th Cir. 2013) ("[T]hat determination should be left to the trier of fact once a plaintiff has produced evidence that the officer's conduct was motivated by retaliatory animus."). At this procedural stage, taken as true, the complaint alleges facts sufficient to support the conclusion that Special Agent Martin, through his "own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

3

**2.**     The law prohibiting Special Agent Martin's alleged conduct is clearly established. "The question is not whether an earlier case mirrors the specific facts here. Rather, the relevant question is whether 'the state of the law at the time gives officials fair warning that their conduct is unconstitutional.'" *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013) (quoting *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 1003 (9th Cir. 2010) (en banc)). Our precedent has long provided notice to law enforcement officers "that it is unlawful to use their authority to retaliate against individuals for their protected speech," *Ford*, 706 F.3d at 1195, "even if probable cause exists for" the challenged law enforcement conduct, *Skoog*, 469 F.3d at 1235. "[A]ny reasonable police officer would have understood that *Skoog*'s prohibition on retaliatory police action," though elaborated in the context of a retaliatory seizure of property, "extended to [other] typical police actions." *Ford*, 706 F.3d at 1196. These surely include detention, surveillance, and service of a bogus violation notice. *Cf. Sloman*, 21 F.3d at 1469 (recognizing a claim under the First Amendment where a police officer "used his official powers, specifically his power to warn, cite, and arrest, to retaliate against [the] exercise of . . . free speech rights").

**3.**     There are no alternative avenues of relief available to Ms. Martin or other "special factors counselling hesitation" in recognizing a *Bivens* remedy in this case.

4

*See Wilkie*, 551 U.S. at 550 (quoting *Bush v. Lucas*, 462 U.S. 367, 378 (1983)). We have long recognized that such a remedy is available to redress allegations of retaliation against protected speech by federal law enforcement officers. *See Gibson v. United States*, 781 F.2d 1334, 1341 (9th Cir. 1986). Although we more recently held that the Administrative Procedure Act generally "provide[s] the backup or default remedies for all interactions between individuals and all federal agencies," *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009), here no APA remedy is available because there is no "final agency action" for Ms. Martin to challenge, *see* 5 U.S.C. § 704. Rather, "[a]n investigation, even one conducted with an eye to enforcement, is quintessentially non-final as a form of agency action." *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 781 (9th Cir. 2000). The very gravamen of Ms. Martin's complaint is that the alleged retaliatory "investigation" of her is pretextual and perpetually open, rendering the APA's provision for judicial review of "final" agency actions particularly illusory.

Finally, that this appeal partially concerns events that occurred on a military base is not a "special factor" sufficient to distinguish this case from *Gibson*. *United States v. Stanley*, 483 U.S. 669 (1987), and *Chappell v. Wallace*, 462 U.S. 296 (1983), are inapposite because Ms. Martin's lawsuit involves neither claims brought by servicemen against their superior officers nor "injuries that 'arise out of

5

or are in the course of activity incident to service.'" *Stanley*, 483 U.S. at 684 (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)). The other authorities upon which Special Agent Martin relies are equally inapplicable because Ms. Martin does not allege that she has been barred from a military base, much less that such an exclusion is the source of her constitutional injury. *Cf. United States v. Albertini*, 472 U.S. 675, 686-87 (1985); *Greer v. Spock*, 424 U.S. 828, 838 (1976); *Cafeteria & Rest. Workers v. McElroy*, 367 U.S. 886, 892-93 (1961). Rather, she claims that a federal law enforcement official harassed and intimidated her—including at her own home, far from any military installation—because the content of her constitutionally protected speech was unfavorable to him. Those allegations "do not implicate military discipline in any meaningful way," *Schoenfeld v. Quamme*, 492 F.3d 1016, 1025 (9th Cir. 2007), and describe precisely the type of injury for which *Gibson* already recognizes a *Bivens* remedy.

**AFFIRMED.**

Martin v. Martin, 11-56717

SILVERMAN, Circuit Judge, dissenting:


I have scoured the complaint and I have drawn all reasonable inferences in plaintiff's favor. Yet I still fail to see where plaintiff has plausibly alleged that anything *this* particular defendant supposedly did – even assuming he acted unprofessionally, improperly, or overzealously – was in retaliation for the exercise of her First Amendment rights, as opposed to being in furtherance of an investigation into plaintiff's reported misuse of her credentials, an investigation that he was summoned to and did not initiate. Because plaintiff failed to state a plausible constitutional violation, defendant Martin was entitled to qualified immunity. I would reverse the district court's denial of the motion to dismiss and direct the district court to grant plaintiff leave to amend her complaint.